OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and a new trial ordered.
Defense counsel’s argument on summation that the victim had been prompted by the police to carelessly or deliberately misidentify the defendant as the person who robbed him invited a strong response from the prosecutor (cf. People v Marks, 6 NY2d 67, 77-78). However, the prosecutor exceeded the bounds of proper summation when he argued that the victim would have been “suicidal or foolish” to do so and twice thereafter repeated that remark, when there was no evidence that the defendant or anyone allied with him had injured or threatened the witness in connection with his testimony (compare People v Ashwal, 39 NY2d 105, with People v Shilitano, 218 NY 161; and People v Plummer, 36 NY2d 161). Under the circumstances, although the defendant’s objection was sustained, the defendant was entitled to have the jury instructed that the prosecutor’s remarks were unfounded, and improper, and should be disregarded. The court’s refusal to grant the defendant’s request for curative instructions constituted reversible error (People v Ashwal, supra, p 111).
Since there must be a new trial we note that the court did not err in admitting the statement allegedly made by the defendant while concealed behind a door in the apartment complex. Unlike People v Smith (52 NY2d 802), in this case there was evidence to connect the defendant with the statement sufficient to submit it for the jury’s consideration (cf. People v Mirenda, 23 NY2d 439).
*822 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur in memorandum.
Order reversed, etc.