■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT CONNETTE, Appellant. — Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Defendant Dr. Albert Connette and his wife, Michele Connette, were convicted of seven counts of criminal possession of a controlled substance in the third degree (Penal Law, § 220.16, subd 12), two counts of criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03), and 10 counts of fraud and deceit (Public Health Law, § 3397). Defendant doctor was also convicted of 12 counts of falsely making prescriptions (Public Health Law, § 3332). All the charges involved prescriptions for Demerol, a pain killer listed as a "Schedule II" controlled substance (Public Health Law, § 3306). The People alleged that Dr. Connette wrote several prescriptions to various people who never received the Demerol because these prescriptions were filled by his wife. ¶ We agree with defendants

that the prosecutor's summation was inflammatory and prejudicial and that a new trial must be granted (see *People v Grice,* 100 AD2d 419). The prosecutor referred to defendant Michele Connette as a "junkie" and to defendant Albert Connette as a "pusher." These comments were improper and had no basis whatsoever in the record. The only purpose of such remarks was to implant in the minds of the jurors the image of a desperate street addict. This was clearly improper because "[a]bove all he [the prosecutor] should not seek to lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which have a decided tendency to prejudice the jury against the defendant [citations omitted]. He may not, for instance, try to convey to the jury, by insinuation, suggestion or speculation, the impression that the defendant is guilty of other crimes not in issue at trial [citations omitted]" (*People v Ashwal,* 39 NY2d 105, 110; see, also, *People v Wright,* 41 NY2d 172; *People v Alvarez,* 65 AD2d 146). The prosecutor's misconduct was compounded by equating defendant Michele Connette to "the black boy laying in the alley." Such an appeal to inherent prejudice has no place in the courtroom, particularly where, as here, the jury was composed entirely of caucasians (see *McFarland v Smith,* 611 F2d 414; *United States ex rel. Haynes v McKendrick,* 481 F2d 152; *People v Burney,* 20 AD2d 617). "Reference to race, nationality or religion may be prejudicial even though not intended that way, and should be eschewed unless in connection with a matter in issue and unavoidable" (*People v De Pasquale,* 54 Misc 2d 91, 92, affd 21 NY2d 715). The errors were not harmless because the evidence of guilt was less than overwhelming. In view of our disposition we need not reach the other issues raised. (Appeal from judgment of Niagara County Court, DiFlorio, J. — criminal possession of controlled substance, seventh degree, and other charges.) Present — Hancock, Jr., J. P., Callahan, Doerr, Green and Moule, JJ.