■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARDELL LIBBETT, Appellant. — Judgment reversed, on the law, and a new trial granted. Memorandum: The inflammatory, prejudicial and misleading remarks by the prosecutor on summation deprived defendant of a fair trial and compel reversal and a new trial. Defendant and another had been indicted for the kidnapping and rape of a 16-year-old girl. While those charges were pending, defendant allegedly attempted to bribe the victim and her mother to induce them to drop the charges. As a result, he was indicted on two counts of bribery. A jury trial on the kidnapping and rape charges resulted in a hung jury. When retried without a jury, he was acquitted. Subsequently, defendant was tried on

the bribery charges and evidence of his prior trials on the kidnapping and rape charges was necessarily placed before the jury as the predicate for the charges of bribery. It is from conviction on those counts which defendant now appeals. ¶ The theme of the prosecutor's summation was that defendant's acquittal of the rape and kidnapping charges after a Bench trial by an outsider (a visiting Judge from another county) was a miscarriage of justice. To underscore that theme, the prosecutor continually appealed to the emotions of the jury by asking them to heed the cries for help of the victims who had been "crushed by the wheels of justice" and stated that it was up to the jury, as members of the community, to rectify that injustice. Additionally, he played on the jury's sympathy and prejudices by referring to the ghetto area in which the victims as well as defense witnesses lived and asking the jury to consider that it was more difficult for these victims to testify against other persons of the same background than it would be for persons from other walks of life. The entire summation was fraught with bathos, culminating in a dramatic characterization of the victims as suppliants crying out for help from the jury. ¶ It is deplorable that the courts are so frequently required to reverse a criminal conviction because of the improper and inflammatory manner in which the prosecutor conducts the trial (see *People v Connette,* 101 AD2d 699; *People v Connette,* 101 AD2d 700; *People v Grice,* 100 AD2d 419; see, also, *People v Whalen,* 59 NY2d 273; *People v Ashwal,* 39 NY2d 105; *People v Mott,* 94 AD2d 415). The lesson of those cases, apparently slow to be learned, is that the function of a prosecutor goes beyond that of an advocate in that he is charged with the responsibility of presenting competent evidence in a fair and temperate manner in keeping with the requirements of due process. The instructions of *People v Ashwal* (*supra,* pp 109-110) bear repeating: "[S]ummation is not an unbridled debate in which the restraints imposed at trial are cast aside so that counsel may employ all the rhetorical devices at his command * * * Above all he should not seek to lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which have a decided tendency to prejudice the jury against the defendant [citation omitted]" (see, also, *People v Sanchez,* 61 NY2d 1022). ¶ Regrettably, the trial court had the opportunity to dissipate and prevent the prejudice resulting from the prosecutor's improper remarks but neglected its responsibility in that regard. When the court abdicates its responsibility, as it did here, "the court has indicated to the jury 'that there was no impropriety' (*People v Lovello,* 1 NY2d 436, 439) and with the court's sanction, they may pursue the line of reasoning suggested by the prosecutor in determining the defendant's guilt [citations omitted]" (*People v Ashwal, supra,* p 111; *People v Mott, supra,* p 419). ¶ All concur, except Hancock, Jr., J. P., and Moule, J., who dissent and vote to affirm, in the following memorandum.

Hancock, Jr., J. P., and Moule, J. (dissenting). In our opinion, the concededly improper closing remarks by the Assistant District Attorney are not so flagrant, particularly when viewed in the light of the evidence and defense counsel's closing argument, as to warrant a reversal (see, generally, *People v Carelock,* 58 AD2d 996; *People v Murphy,* 53 AD2d 937). ¶ In both his opening and summation, defense counsel adopted the position that it was defendant rather than the complaining witness who was the victim. He argued that the matter had already caused defendant a great deal of embarrassment and that "all the resources of the District Attorney's office and police agencies [had] been used against [defendant] in this case" and that the testimony of the complaining witness and her mother was not worthy of belief and consisted of lies. As part of this strategy, defense counsel on cross-examination of the People's first witness injected the fact of defendant's prior acquittal of the rape and kidnapping charges by a Judge sitting without a jury. With this evidence in the record defense counsel in his last remarks during summation said:

"Justice prevailed in this very courtroom when [defendant] was found not guilty of rape and kidnapping charges by Judge Hurlburt in this very courtroom and justice will prevail again after you deliberate this case because of the evidence." The fact of defendant's acquittal on the rape and kidnapping charges was irrelevant to the question of whether he was guilty of bribery, and any suggestion that the jury should draw an inference from the prior acquittal was improper. While the prosecutor should have been permitted some latitude in answering these remarks, his summation went beyond proper comment. Nevertheless, there was no motion for a mistrial, and the case was submitted to the jury in a charge to which no exception was taken. From the evident care with which the jury conducted its deliberations (it deliberated for approximately five and one-half hours, during which it returned on five separate occasions to have testimony read and for answers to questions concerning the court's instructions as to bribery) there is no reason to believe that the remarks "sidetrack[ed] the jury from its basic mission of determining the facts relevant to guilt or innocence" (*People v Alicea,* 37 NY2d 601, 605). (Appeal from judgment of Onondaga County Court, Van C. Auser, J. — bribing witness.) Present — Hancock, Jr., J. P., Callahan, Denman, O'Donnell and Moule, JJ.