■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERETT LEE DOWNING, Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: defendant's conviction on two counts of robbery in the first degree and one count of criminal possession of a controlled substance with intent to sell must be reversed because prejudicial and inflammatory evidence was improperly admitted. The testimony of

Moletto, one of the victims of the robberies, was vague and halting. He admitted that on the night of the robbery he had consumed a six-pack of beer and five Valiums and obviously had a very hazy recall. When he faltered in his testimony, the prosecutor attempted to rehabilitate him by showing that he was reluctant to testify out of fear. Moletto, who was then incarcerated on unrelated charges, was asked whether he had been threatened with respect to his testimony. He was permitted to testify, over objection, that a jailmate had told him that there was a "contract" out on him and that he would be either killed or badly beaten. The prosecutor was then allowed to elicit the opinion that Shine, the jailmate, was merely relaying a message from the defendant. On summation, the prosecutor was permitted to state, again over objection, that defendant had sent a message to Moletto that he would be killed. To compound the error, the court silenced defense counsel's objection by stating that it was permissible comment and a question of fact for the jury.

The out-of-court statement by Shine, offered to prove the truth of the matters contained therein, illustrates the dangers inherent in admitting hearsay evidence. Since Shine was never called as a witness, defense counsel had no opportunity to cross-examine him or to impeach his credibility *(see,* Richardson, Evidence § 201 [Prince 10th ed]; *People v Settles,* 46 NY2d 154, 166). The statement here does not fall within any identifiable exception to the hearsay rule nor do the People suggest that it does. The statement was highly prejudicial to the defendant and, inasmuch as there was no way for defense counsel to attack the accuracy of the statement or determine whether it in fact had been relayed by the defendant its reliability was unimpeached. The prosecutor then exploited the alleged threat by stating on summation that the defendant had sent out a contract for Moletto to be killed *(see, People v McKnight,* 52 NY2d 760, *revg on dissenting mem below* 71 AD2d 801, 802-804).

"It is fundamental that the jury must decide the issues on the evidence, and therefore fundamental that counsel, in summing up, must stay within 'the four corners of the evidence' [citation omitted] and avoid irrelevant comments which have no bearing on any legitimate issue in the case [citations omitted]. Thus the District Attorney may not refer to matters not in evidence [citations omitted] or call upon the jury to draw conclusions which are not fairly inferable from the evidence [citations omitted]. Above all he should not seek to lead the jury away from the issues by drawing irrelevant and inflammatory conclusions which have a decided tendency to prejudice the jury against the defendant [citations omitted]" *(People v Ashwal,* 39 NY2d 105, 109-

110). Unfortunately, the courts have been called on all too frequently to condemn this type of improper conduct on the part of prosecutors which makes a travesty of the concept of a fair trial *(see, People v Trinidad,* 59 NY2d 820, 821; *People v Lozada,* 104 AD2d 663, 665; *People v Cobb,* 104 AD2d 656, 658; *People v Libbett,* 101 AD2d 705, 706). As often as the admonition has been repeated, a few prosecutors apparently believe that their function is to get a conviction at any cost. The folly of such reasoning becomes apparent in a case such as this where the proof against the defendant was compelling but a reversal is required because of such improprieties. We hasten to note that the trial court was in a position to have prevented or cured the errors but commented instead that the evidence was properly before the jury for its consideration. The court thus placed its imprimatur on the impropriety and indicated that it was permissible to pursue the line of reasoning suggested by the prosecutor *(see, People v Ashwal, supra,* p 111).

In addition to the above errors, the prosecutor commented, with the approval of the court, that a defense witness, defendant's girlfriend, had lied to the "welfare people" and was collecting more money than she was entitled to because defendant was staying in the same bed. Such comments are obviously irrelevant and inflammatory and designed to prejudice the defendant as well as to discredit the witness.

Further error was committed by the introduction of evidence that defendant had threatened Moletto with a gun a few days prior to the incident on which defendant was charged. Moletto was allowed to testify at some length as to the fact that defendant had pulled a shotgun, pumped it and pointed it at him. It has long been the rule *(see, People v Molineux,* 168 NY 264) that evidence of an uncharged crime is not admissible because of the risk that the jury may convict defendant not of the crime with which he is charged, but because of his predisposition to criminal conduct. There are, of course, exceptions to that rule when evidence of another crime is relevant to an issue sought to be proved, but then only for the limited purpose of which it is relevant *(see, People v Beam,* 57 NY2d 241, 250; *People v Ventimiglia,* 52 NY2d 350; *People v Allweiss,* 48 NY2d 40). The testimony admitted here clearly does not fall within any of the exceptions and the only possible effect it could have had was to show that defendant was predisposed to violent and threatening conduct with a gun. That suggestion was underscored by the prosecutor's stressing it during his summation. We have considered the other errors urged by defendant and find them to be lacking in merit.

(Appeal from judgment of Niagara County Court, DiFlorio, J.—robbery, first degree.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.