◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. KOCYLA, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant was convicted of stabbing and killing his employer John Petrus on September 24, 1983 in the Town of Watertown. The key prosecution witness was Wendell Sweet, who also worked for the victim. Sweet was jointly charged with two counts of murder and other crimes arising out of Petrus' death, but pleaded guilty to grand larceny, unauthorized use of a motor vehicle, tampering with physical evidence and unlawful disposal of a body in return for his agreement to testify against defendant.

We conclude that numerous errors by the trial court deprived defendant of his constitutional right to a fair trial.

Without benefit of a *Ventimiglia* hearing *(see, People v Ventimiglia,* 52 NY2d 350), the trial court permitted the People, on their direct case, to introduce highly prejudicial testimony about uncharged crimes and other conduct, to wit: defendant's (1) being a homosexual; (2) stealing a motor vehicle by conversion of title; (3) embezzlement of Mr. Petrus' funds and unlawful taking of furniture and equipment; (4) making imprisonment threats; (5) killing people as an occupation; (6) planning to kill Sweet's girlfriend; (7) criminal solicitation to sabotage the brakes on Sweet's girlfriend's automobile in order to facilitate her death; and (8) wanting to kill many people. Defense counsel repeatedly objected to such testimony, but all his objections, except for one, were overruled. That highly prejudicial testimony had the effect of painting defendant as a professional killer and denied him his constitutional right to a fair trial.

Evidence of uncharged crimes or immoral conduct is inadmissible unless offered for some purpose other than to raise an inference that a defendant has a criminal propensity *(see, People v Molineux,* 168 NY 264, 291-294; *People v Hudy,* 73 NY2d 40, 54-55; *People v Ingram,* 71 NY2d 474, 479; *People v Alvino,* 71 NY2d 233, 241; *People v Lewis,* 69 NY2d 321, 325; *People v Ventimiglia, supra,* at 359). Evidence of prior uncharged crimes may be received, however, if it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule *(People v Alvino, supra,* at 241; *People v Lewis, supra; People v Beam,* 57 NY2d 241, 250; *People v Allweiss,* 48 NY2d 40, 46). Evidence of uncharged crimes may be relevant to show (1) intent, (2) motive, (3) knowledge, (4) common scheme or plan, or (5) identity of the defendant. However, even when admissible for such purposes, the evidence may not be received unless its probative value exceeds the potential for prejudice resulting to the defendant *(People v Alvino, supra,* at 242; *People v Lewis, supra,* at 325; *People v Ely,* 68 NY2d 520, 529; *People v McKinney,* 24 NY2d 180, 184). The court's failure to conduct a *Ventimiglia* hearing was patently improper and cannot be viewed as a harmless error. Although some of the uncharged crimes may have been relevant and admissible to establish defendant's motive, we conclude that the only possible effect of the evidence about defendant having killed other people and wanting to kill the accomplice's girlfriend was to show that defendant was predisposed to violent behavior and therefore committed the murder in this case *(see, People v Hudy, supra; People v Downing,* 112 AD2d 24, 26).

Moreover, in all but one instance, the objectionable testimony was admitted without appropriate limiting instructions *(see, People v Beam, supra,* at 250).

The trial court also erred in admitting certain testimony of a prosecution rebuttal witness. The statements in question were clearly hearsay and do not come within any recognized exception to the hearsay rule *(see, People v Ranieri,* 144 AD2d 1006, 1007; Richardson, Evidence §§ 200, 206 [Prince 10th ed]).

The court further erred in permitting improper cross-examination of defendant's character witnesses about whether they could state that defendant did not kill John Petrus *(see, People v Davis,* 112 AD2d 722, 724, *lv denied* 66 NY2d 918; *People v Montgomery,* 103 AD2d 622). That improper tactic was further exploited by the prosecutor during his summation.

Since there must be a new trial we note an additional error, even though it was not properly preserved for appellate review. The trial court failed to charge intentional murder and depraved mind murder in the alternative *(see, People v Gallagher,* 69 NY2d 525). Although defendant failed to preserve that claim by timely objection *(see, People v Paxhia,* 140 AD2d 962, 963, *lv denied* 72 NY2d 960), the People concede that the verdict is inconsistent. (Appeal from judgment of Jefferson County Court, Parker, J.—murder, second degree.) Present—Callahan, J. P., Doerr, Denman, Green and Balio, JJ.