■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Edward M. Davidowitz, J.), entered February 14, 1991, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to an indeter-

minate term of imprisonment of from 8⅓ to 25 years, unanimously affirmed.

Defendant contends that the People failed to prove his guilt beyond a reasonable doubt due to the discrepancy between the descriptions provided by two eyewitnesses to the shooting and the equivocal in-court identification by one of those witnesses. Viewing the evidence in the light most favorable to the prosecution *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence presented sufficiently supported the verdict. The issues raised by defendant were properly placed before the jury, which could reasonably reconcile the conflict in the testimony. We note the unimpeached testimony of the eyewitness who observed defendant during the actual shooting, and who had identified defendant both in the line-up and in court, without hesitation. Defense counsel's trial tactics, in the circumstances, were appropriate since the equivocal responses of one of the witnesses could only inure to the defendant's benefit.

When the prosecutor asked if the jury could "blame" the witness for his hesitation, in identifying defendant, the court, *sua sponte* interrupted and instructed the jury that the prosecutor was only addressing himself to the witness's state of mind, and that there was no evidence that the witness had cause to be afraid. Such an instruction was more than sufficient to cure any possible misimpression that the witness had reason to be afraid of reprisal *(see, People v Trinidad,* 59 NY2d 820). Nor is there merit to defendant's unpreserved argument that the prosecutor falsified certain testimony in summation; each side permissibly argued their interpretation of a witness's comment regarding a photo of an individual who resembled defendant. Concur—Carro, J. P., Milonas, Ellerin and Ross, JJ.