■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MARK NATHANIEL, Appellant.—Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered April 19, 1991, convicting defendant, after a jury trial, of reckless endangerment in the first degree, burglary in the third degree, and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years, 2 to 4 years, and 1 year, respectively, unanimously affirmed.

Defendant's argument that he might have been convicted on testimony of the detective that linked him with organized crime is unpreserved since he did not object to such testimony on the ground he now advances. Were we to reach the issue in the interest of justice, we would find that it was within the sound discretion of the trial court to admit evidence on the operation of "policy" games (see, People v Cronin, 60 NY2d 430, 433), and that, in any event, in view of the fact that defendant and his cohort were identified a short distance from the scene, that the cohort's jacket smelled of gasoline and contained a broken lock clasp, and that the police recovered bolt cutters, axes and a sledgehammer from the truck that defendant was driving, there was no likelihood that defendant would have been acquitted but for the admission of the challenged testimony.

Nor do the prosecutor's two intemperate remarks mandate a reversal (cf., People v Trinidad, 59 NY2d 820), since her summation was otherwise responsive to remarks made by defense counsel, and since the court did more than sustain defendant's counsel's objections, admonishing the prosecutor and advising the jury to ignore the argument. Concur—Milonas, J. P., Ross, Asch and Rubin, JJ.