Hinds-Radix, J.,
dissents and votes to reverse the judgment appealed from and to order a new trial, with the following memorandum:
The complainant and the defendant were engaged in a longstanding feud because the complainant was living with the defendant’s former boyfriend, Tony Mann, who fathered two of the defendant’s children. In the early morning of March 9, 2008, a masked man and an unmasked woman whom the complainant recognized as the defendant attacked her in a stairwell outside her apartment, hit her on the head, and dragged her into her apartment. Once inside, the man, who was carrying a gun, and the woman, who was carrying a knife, beat the complainant, cut her on different parts of her head, ransacked her apartment, and took money from her purse. The complainant called the police, and once they arrived she told them that the defendant and an accomplice had attacked her. The complainant also called her former husband and told him that the defendant had attacked her. She was taken to a hospital, where she was treated for fractures of her nasal bones, lacerations of her head and forehead, and a laceration of the index finger of her right hand. At the time of the trial, the complainant claimed she still had scars on her forehead, the back of her head, and her fingers.
The police did not dust for fingerprints or attempt to collect any forensic evidence because, due to an oversight, the case was not assigned to a detective until four days after the crime. The evidence against the defendant consisted of the complainant’s trial testimony, and her statements to police and her former husband, that the defendant was the woman who assaulted her. At trial, the defendant presented an alibi defense, claiming she *1008 was home in New Jersey with her children at the time of the incident.
In my view, the prosecutor’s comments in summation were so inflammatory and prejudicial that they deprived the defendant of a fair trial. The prosecutor argued that “[o]nly a woman would inflict th[e] kind of beating” that resulted in the “horrific attack” to the complainant’s face. He asserted that the attack could only have been undertaken by a woman “who is trying as hard she can to maim and disfigure her rival and to have an avenue for her rage and her jealousy.” According to the prosecutor, a street criminal or someone associated with Mann would not have inflicted the specific injuries sustained by the complainant. He also claimed that the location of the attack was notable because, while it was not a good location for an attack by street criminals, it was “a good location for a woman trying to take out her shame and her rage and her jealousy on the face of her rival.” The prosecutor asked the jury to consider, inter alia, how the complainant “must have felt the first time she looked at herself in the hospital mirror.” He noted that the bulk of the injuries were to the face, hair, and head, indicating “[t]his crime is a woman” who lay in wait and “toy[ed] with her rival.”
The prosecutor’s comments that this crime could only be committed by a woman, although made without objection, appealed to gender bias and injected an issue of gender stereotyping and prejudice into the trial (see People v Alexander, 94 NY2d 382 [1999]; People v Connette, 101 AD2d 699 [1984]), warranting the reversal of the defendant’s conviction in the interest of justice (see People v Thomas, 129 AD2d 596 [1987]). The inflammatory comments referring to the fact that the defendant was a woman were not isolated comments (cf. People v Valdes, 291 AD2d 513, 514 [2002]).
The prosecutor further argued that the alibi witnesses came forward at the “last minute” to “provide an alibi witness at the last second,” prompting the trial court to note that “the defense gets an opportunity to present witnesses after the prosecution completes its case, so it’s not really the last second” to instruct the jury that the defense provided a notice of alibi prior to the trial, and to suggest that the defense counsel “move on.” The prosecutor’s claim that the alibi was a recent fabrication devised at the “last minute” was unsupported by the evidence.
In view of the foregoing, the defendant did not receive a fair trial. Accordingly, I respectfully dissent.