■ The People of the State of New York, Respondent, v Armin L. Kea, Appellant. (Appeal No. 2.) [654 NYS2d 81] —Judgment unanimously affirmed. Memorandum: Defendant contends that Supreme Court erred in denying his motion to suppress physical evidence on the ground that the police lacked probable cause to arrest and search him. We disagree. The record of the suppression hearing establishes that narcotics officers arranged to make an undercover buy of five ounces of cocaine on May 9, 1991. The officer who was to purchase the

cocaine wore a body wire. He testified that, upon arriving at the scene of the buy, he observed the seller walk across the street from a parking lot to the officer's car. After entering the car, the seller handed the officer a clear plastic bag containing a white powdery substance, stating that he had obtained four rather than five ounces of cocaine. The seller explained that there had been a mix-up and that his source thought the sale was for four ounces. The seller informed the officer that his source was in the green car pulling out of the parking lot across the street. The officer observed the green car pulling out of the same parking lot from which the seller had walked.

Another officer involved in the undercover buy testified that he observed a green car pulling out of the parking lot across the street from the buy and that, in monitoring the body wire worn by the undercover officer, he heard the seller state that the occupants of the green car were the source of his cocaine. The officer further testified that he had observed that same vehicle in connection with an undercover drug buy earlier in May. Upon receiving the prearranged arrest signal from the undercover officer, the officer stopped the green car and arrested the occupants, including defendant. Another surveillance officer monitoring the body wire testified that he heard the seller identify the occupants of the green car as his source for the cocaine. That officer searched the vehicle after the occupants were arrested and seized two bags containing three quarters of an ounce of cocaine.

CPL 140.10 (1) (b) provides that a police officer may arrest a person for a "crime when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." Probable cause exists where it is shown that it was more probable than not that a crime has taken place and that the one arrested is one of its perpetrators (*see, People v Carrasquillo*, 54 NY2d 248, 254; *People v Hill*, 146 AD2d 823, 824, *lv denied* 73 NY2d 1016). Here, probable cause for defendant's arrest was established through the sale of four ounces of cocaine to the undercover officer and the seller's identification of the occupants of the green car as the source for the cocaine (*see, People v White*, 109 AD2d 859, 860; *People v Thomas*, 103 AD2d 854, 855), and by the testimony that the green car had been observed in connection with another drug buy. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.