FOURTH DEPARTMENT, JULY, 1997

(July 3, 1997)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER WILLIAMS, II, Appellant. [663 NYS2d 1023] —Judgment

unanimously affirmed. Memorandum: County Court did not err in admitting evidence of four prior domestic incidents involving defendant and his former girlfriend. That proof was admissible to show the nature of their relationship up to the time of the incident and defendant's motive and intent with respect to the crimes charged. The probative value of the evidence exceeded its potential for prejudice (*see, People v Ventimiglia*, 52 NY2d 350, 359; *People v Robinson*, 191 AD2d 595; *People v Castrechino*, 134 AD2d 877, *lv denied* 70 NY2d 1005; *People v Griffin*, 126 AD2d 743, *lv denied* 69 NY2d 880). Defendant failed to preserve for our review his contention that the court erred in failing to give a limiting instruction with respect to the evidence of defendant's prior acts of violence (*see*, CPL 470.05 [2]; *People v Maldonado*, 220 AD2d 212, 213, *lv denied* 87 NY2d 904), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

Contrary to the contention of defendant, the court did not abuse its discretion in admitting into evidence the autopsy photographs of the victims. The photographs were "probative on the issue of depraved indifference to human life, an element of a crime for which he was charged" (*People v Williams*, 214 AD2d 595, *lv denied* 85 NY2d 982; *see, People v Wood*, 79 NY2d 958, 960; *People v Pobliner*, 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905). Further, the proof of guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant in the absence of the photographic evidence (*see, People v Crimmins*, 36 NY2d 230, 241-242).

Defendant further contends that the prosecutor violated his obligation under *Brady v Maryland* (373 US 83) to disclose the name and address of a person who had taped a conversation with a prosecution witness. That contention is without merit (*see, People v Baxley*, 84 NY2d 208, *rearg dismissed* 86 NY2d 886; *People v Barbera*, 220 AD2d 601, *lv denied* 88 NY2d 844). The record establishes that, prior to trial, the prosecutor furnished defendant with a copy of the tape of the conversation as well as the information he had with respect to the identity of the person.

Lastly, upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). (Appeal from Judgment of Monroe County Court, Bristol, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.