██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD AKEL, Appellant. [701 NYS2d 579] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the second degree (Penal Law § 220.41 [1]). Defendant contends that County Court erred in denying his motion to dismiss the indictment based on the People's failure to notify him of his right to testify in a prospective Grand Jury proceeding (*see,* CPL 190.50 [5] [a]). Defendant was arraigned by Henrietta Town Court on a felony complaint. A preliminary hearing was scheduled, but the People failed to go forward with the hearing. Defendant was released from custody and the matter was waived to the Grand Jury. "Because defendant was not subject to an undisposed felony complaint in a local criminal court, the District Attorney was not required to provide defendant with notice that the matter was going to be presented to a Grand Jury" (*People v Woodard,* 197 AD2d 905). In any event, the District Attorney notified defendant of the Grand Jury proceeding and his right to appear as a witness, and defendant failed to serve upon the District Attorney written notice of his intent to testify (*see, People v Brooks,* 184 AD2d 518, 518-519, *lv denied* 80 NY2d 973).

We reject the further contention of defendant that the court erred in denying his suppression motion. An undercover agent purchased cocaine from defendant in the early afternoon of December 3, 1996. The agent told defendant that he would contact him later to purchase additional cocaine. A few hours later, the agent met with defendant in a restaurant and asked him if he had "it". Defendant responded affirmatively, and the two men left the restaurant. Defendant opened his jacket and showed the agent a plastic bag containing a white substance that the agent believed to be cocaine. The court properly

determined therefrom that the police had probable cause to arrest defendant (*see, People v Santo,* 243 AD2d 346; *People v Kea,* 236 AD2d 858, *lv denied* 89 NY2d 1037; *see generally, People v Carrasquillo,* 54 NY2d 248, 254). The police transported defendant to the police station, where they advised him of his *Miranda* rights. The record supports the court's further determination that defendant knowingly, intelligently and voluntarily waived those rights before confessing to the crime (*see, People v Davis,* 55 NY2d 731, 733; *People v Everson,* 262 AD2d 1059; *People v Hill,* 175 AD2d 603).

Defendant's waiver of the right to appeal encompasses defendant's remaining contentions (*see generally, People v Callahan,* 80 NY2d 273, 279-280; *People v Seaberg,* 74 NY2d 1, 7-8), and, in any event, those contentions do not survive his plea of guilty (*see, People v Di Donato,* 87 NY2d 992, 993; *People v Motley,* 69 NY2d 870, 871-872). (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Sale Controlled Substance, 2nd Degree.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.