THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD CLARK, Appellant. [721 NYS2d 223] —Judgment unanimously affirmed. Memorandum: County Court properly denied the *pro se* motion of defendant to dismiss the indictment based on the People's failure to notify him of his right to testify in a prospective Grand Jury proceeding (*see,* CPL 190.50 [5] [a]). The motion was made more than five days after defendant's arraignment and was therefore untimely (*see,* CPL 190.50 [5] [c]). Further, although defendant was not entitled to the statutory notice because he was not subject to an "undisposed of felony complaint" in a local criminal court (CPL 190.50 [5] [a]; *see, People v Akel,* 267 AD2d 1070, *lv denied* 94 NY2d 945), the District Attorney nevertheless provided defendant with the

statutory notice by mailing it to defendant's attorney and to defendant at both his last address and at the Erie County Holding Center (*see, People v Bourdon,* 255 AD2d 619, 620, *lv denied* 92 NY2d 1028). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The court properly denied defendant's motion to suppress the showup identification. Defendant was apprehended a short distance from the crime scene, and the showup was conducted at the crime scene less than 30 minutes after the burglary. "The circumstances that defendant was handcuffed behind his back and in the presence of police officers, and that the complainant was told that he would be viewing a suspect, did not render the procedure unduly suggestive" (*People v Edwards,* 259 AD2d 343, 344, *lv denied* 93 NY2d 969). The sentence is not unduly harsh or severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.