■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHON LUCIUS, Appellant. [737 NYS2d 717] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to dismiss the indictment on the ground that the People failed to provide him with notice of his right to testify before the Grand Jury with respect to the charge of murder in the second degree. We disagree. The District Attorney has no obligation to provide a person with notice that a matter will be presented to a Grand Jury unless such person has been arraigned in a local criminal court on a "currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding" (CPL 190.50 [5] [a]). Here, it is undisputed that the murder and related charges were never the subject of a felony complaint in the local criminal court and thus, contrary to defendant's contention, there was no notice requirement pursuant to CPL 190.50 (5) (a) (*see, People v Pressley*, 259 AD2d 416, *affd* 94 NY2d 935; *People v Clark*, 240 AD2d 325, *lv denied*

91 NY2d 890). The fact that the District Attorney notified defendant of the Grand Jury proceeding concerning unrelated assault and robbery charges and his right to appear as a witness on those charges does not require a contrary result (*see, People v Pressley, supra*). In any event, defendant failed to serve upon the District Attorney written notice of his intent to testify with respect to those charges (*see,* CPL 190.50 [5] [a]; *People v Akel,* 267 AD2d 1070, *lv denied* 94 NY2d 945).

We agree with defendant that the court erred in failing to recognize that it had discretion to permit defendant to cross-examine the prosecution's key witness concerning three prior bad acts committed by the witness as a juvenile. Although it is impermissible to use a youthful offender or juvenile delinquency adjudication for impeachment purposes because those adjudications are not convictions of a crime (*see, People v Gray,* 84 NY2d 709, 712), "the illegal or immoral acts underlying such adjudications" may nevertheless be utilized for impeachment purposes (*People v Greer,* 42 NY2d 170, 176; *see, People v Gray, supra,* at 712; *People v Rice,* 223 AD2d 405, 406, *lv denied* 87 NY2d 1024). Although the extent to which a party should be allowed to use prior convictions and bad acts to impeach the credibility of a witness is a matter that is generally left to the discretion of the trial court, here the court improperly abdicated its responsibility by failing to exercise that discretion with respect to the bad acts at issue (*see, People v Williams,* 56 NY2d 236, 237). We further conclude, however, that the error is harmless where, as here, "the witness['s] prior criminal history was extensively explored on cross-examination although not totally or definitively set forth as the defendant may have wished" (*People v Allen,* 50 NY2d 898, 899). The record establishes that the court permitted defense counsel to impeach the witness with a litany of other prior bad acts, and thus we conclude that there is no reasonable possibility that the error might have contributed to defendant's conviction (*see, People v Crimmins,* 36 NY2d 230, 237). (Appeal from Judgment of Monroe County Court, Marks, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Hayes and Hurlbutt, JJ.