■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KELLY, Appellant. [897 NYS2d 353]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered June 20, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). Defendant failed to preserve for our review his contention that Supreme Court erred in its *Molineux* ruling (*see* CPL 470.05 [2]; *People v Francis*, 63 AD3d 1644, 1645 [2009], *lv denied* 13 NY3d 835 [2009]). In any event, that

contention is without merit. The evidence in question, i.e., evidence concerning prior incidents of domestic violence between defendant and decedent, was relevant with respect to defendant's motive and intent (*see People v Nelson*, 57 AD3d 1441, 1442 [2008]; *People v James*, 19 AD3d 616 [2005], *lv denied* 5 NY3d 807 [2005]; *People v Williams*, 241 AD2d 911 [1997], *lv denied* 91 NY2d 837 [1997]), and its probative value exceeded its potential for prejudice to defendant (*see Williams*, 241 AD2d 911 [1997]). We agree with defendant, however, that the court erred in allowing the People to present testimony concerning sexual material possessed by defendant. That testimony was not relevant and, in any event, any probative value was substantially outweighed by the prejudice to defendant (*cf. id.*; *see generally People v Scarola*, 71 NY2d 769, 777 [1988]). We nevertheless conclude that the error is harmless (*see People v Odom*, 53 AD3d 1084, 1087 [2008], *lv denied* 11 NY3d 792 [2008]). The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the admission of that testimony (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Contrary to the further contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Finally, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Smith, J.P., Centra, Lindley, Sconiers and Pine, JJ.