The People of the State of New York, Respondent, v Douglas D. Gross, Appellant. [896 NYS2d 557]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 1, 2005. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and manslaughter in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentences imposed on the two counts of manslaughter in the first degree and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Monroe County, for resentencing on those counts.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count of murder in the second degree (Penal Law § 125.25 [1]) and two counts of manslaughter in the first degree (§ 125.20 [1]). At the outset, we reject the contention of defendant in his main and pro se supplemental briefs that Supreme Court committed reversible error in denying his request for a missing witness charge. In support of that contention, defendant asserts for the first time on appeal that the testimony of the proposed witness would have been noncumulative and favorable to the People, and thus defendant's present assertions are not preserved for our review (see People v Porter, 268 AD2d 538 [2000], lv denied 95 NY2d 802 [2000]). In any event, we conclude that defendant was not entitled to a missing witness charge inasmuch as he failed to make a prima facie showing that the testimony of the proposed witness would have been favorable to the People (see People v Wynn, 277 AD2d 946, 946-947 [2000], lv denied 96 NY2d 765 [2001]; see generally People v Savinon, 100 NY2d 192, 197 [2003]).

Further, we reject the implicit contention of defendant that the verdict is repugnant or inconsistent insofar as he was acquitted of criminal possession of a weapon in the second degree under Penal Law § 265.03 (former [2]) and convicted of murder in the second degree and manslaughter in the first degree. The charges of which defendant was convicted do not contain the requirement of possession of a loaded firearm, and thus it cannot be said that "acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime[s], as

charged, for which the guilty verdict was rendered" (*People v Tucker*, 55 NY2d 1, 7 [1981], *rearg denied* 55 NY2d 1039 [1982]; *see generally People v Malave*, 52 AD3d 1313 [2008], *lv denied* 11 NY3d 790 [2008]). Viewing the evidence in light of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that the court erred in limiting the cross-examination of an accomplice of defendant. " '[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony' " (*People v Smith*, 12 AD3d 1106, 1106 [2004], *lv denied* 4 NY3d 767 [2005]), and the court abused its discretion in limiting defendant's cross-examination with respect to issues bearing on the trustworthiness of that accomplice (*see generally People v Corby*, 6 NY3d 231, 234-235 [2005]). Nevertheless, we conclude that the curtailment of the cross-examination of that accomplice is harmless beyond a reasonable doubt (*see People v Dennard*, 39 AD3d 1277, 1279 [2007], *lv denied* 9 NY3d 842 [2007]; *see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

Finally, both defendant and the People agree that the court erred in failing to impose a period of postrelease supervision in sentencing defendant on the counts of manslaughter in the first degree based on the version of Penal Law § 70.45 in effect when the instant crimes were committed, thereby rendering the sentence with respect to those counts illegal. We thus modify the judgment by vacating the sentences imposed on the two counts of manslaughter in the first degree, and we remit the matter to Supreme Court for resentencing on those counts (*see People v Sparber*, 10 NY3d 457, 468-469 [2008]; *People v Allen*, 57 AD3d 1383, 1384 [2008]).

With respect to the remaining contentions of defendant in his pro se supplemental brief, we note that defendant failed to preserve for our review his contentions that the court erred in failing to provide adequate responses to several jury requests for clarification, that he was sentenced in contravention of *Apprendi v New Jersey* (530 US 466 [2000]), and that the prosecutor gave inadequate instructions to the grand jury (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Martoche, J.P., Smith, Fahey, Carni and Pine, JJ.