■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN BRYANT, Appellant. [902 NYS2d 868]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered October 29, 2004. The judgment convicted defendant, upon a jury verdict, of murder in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the first degree (Penal Law § 125.27 [1] [a] [vi]; [b]). The indictment, as amplified by the bill of particulars, alleged that defendant acted as an accessory to the act of killing, procured the commission of the killing by making an agreement with one or more people to kill the victim for a sum of money, and paid such money upon performance of the agreement. Defendant contends that County Court erred in allowing the jury to consider a theory of prosecution that was not included in the indictment, as amplified by the bill of particulars, i.e., that he committed the killing pursuant to an agreement, when in fact it was alleged only that he procured the commission of the killing pursuant to an agreement. Defendant is correct that the court erred in charging the jury that

the People had to prove beyond a reasonable doubt that "the defendant committed the killing or procured [the] commission of the killing pursuant to an agreement" in accordance with the precise language of the statute and instead should have charged the jury only that defendant "procured [the] commission of the killing" (§ 125.27 [1] [a] [vi]). Nevertheless, we conclude that reversal is not required based on the court's error because the People's theory throughout the case was that defendant procured the commission of the killing by making an agreement with one or more persons to kill the victim for a sum of money (*see People v Grega*, 72 NY2d 489, 495-497 [1988]). Thus, "[d]efendant was in fact tried and convicted of only [that] crime[ ] and theor[y] charged in the indictment[, as amplified by the bill of particulars]" (*id.* at 497).

Defendant further contends that the People presented evidence based on the theory that defendant was an accomplice in the commission of the killing and that the court erred in submitting that uncharged theory to the jury. We reject that contention. Defendant fails to recognize that the element of the crime of murder in the first degree that "he [or she] causes the death of such person" is separate and distinct from the element of the crime that he or she "committed the killing or procured [the] commission of the killing pursuant to an agreement" (Penal Law § 125.27 [1] [a] [vi]). Here, the People charged defendant as an accomplice under the former element and presented evidence based on that theory, and the court properly charged the jury based on that element. The People did not charge defendant as an accomplice with respect to the separate element of committing the killing, nor did the court so charge the jury.

Finally, we reject the contention of defendant that the court erred in admitting evidence of his prior bad acts, including his attempt to hire someone other than the individuals named in the bill of particulars to kill the victim. That evidence was relevant to establish defendant's motive and intent (*see People v Kelly*, 71 AD3d 1520 [2010]; *People v Harvey*, 270 AD2d 959, 960 [2000], *lv denied* 95 NY2d 835 [2000], *lv dismissed* 95 NY2d 853 [2000]), and the court, following a *Ventimiglia* hearing, properly balanced the probative value of the evidence against its potential for prejudice (*see People v Norman*, 40 AD3d 1128, 1129 [2007], *lv denied* 9 NY3d 924 [2007]; *see generally People v Alvino*, 71 NY2d 233, 242 [1987]). Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.