# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**226**
**KA 10-00616**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.
_____

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

STUART J. DIZAK, DEFENDANT-APPELLANT.
_____

BERNARD H. UDELL, BROOKLYN, FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered December 4, 2009. The judgment convicted defendant, upon a jury verdict, of conspiracy in the second degree (two counts) and criminal solicitation in the second degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts each of conspiracy in the second degree (Penal Law § 105.15) and criminal solicitation in the second degree (§ 100.10). We conclude at the outset, to the extent the People contend that the appeal must be dismissed because defendant failed to serve his notice of appeal in a timely manner, that contention lacks merit. Pursuant to CPL 460.10 (1) (b), "[i]f the defendant is the appellant, he [or she] must, within [30 days after sentence is imposed], serve a copy of [the] notice of appeal upon the district attorney of the county embracing the criminal court in which the judgment . . . being appealed was entered." Any defect in service of the notice of appeal here, however, is not fatal. "[T]he People waived any objection to defendant's failure to serve the notice of appeal by responding to his appeal on the merits rather than filing a motion to dismiss the appeal at some earlier juncture . . . The People, moreover, have failed to demonstrate any prejudice as a result of defendant's alleged failure to comply with CPL 460.10 (1) (b)" (*People v Sayles*, 292 AD2d 641, 642 n, *lv denied* 98 NY2d 681).

Turning to the merits, we reject defendant's contention that County Court erred in limiting his cross-examination of the second coconspirator to testify. We agree with defendant, however, that the court erred in limiting his cross-examination of the first coconspirator to testify. "[C]urtailment [of cross-examination] will

be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" (*People v Gross*, 71 AD3d 1526, 1527, *lv denied* 15 NY3d 774 [internal quotation marks omitted]).  Although the court providently exercised its discretion by refusing to permit defendant to inquire with respect to that witness's youthful offender adjudication (*see People v Smith*, 90 AD3d 1565, 1566; *see generally People v Cook*, 37 NY2d 591, 595), it erred in limiting defendant's cross-examination concerning the circumstances underlying the youthful offender adjudication and that witness's disorderly conduct conviction (*see People v Gray*, 84 NY2d 709, 712; *People v Lucius*, 289 AD2d 963, 964, *lv denied* 98 NY2d 638; *see generally Gross*, 71 AD3d at 1527).  "We . . . conclude, however, that the error is harmless where, as here, 'the witness['s] prior criminal history was extensively explored on cross-examination[,] although not totally or definitively set forth as the defendant may have wished' . . . The record establishes that the court permitted defense counsel to impeach the witness with a litany of other prior bad acts, and thus we conclude that there is no reasonable possibility that the error might have contributed to defendant's conviction" (*Lucius*, 289 AD2d at 964; *see generally People v Crimmins*, 36 NY2d 230, 237).  We reject defendant's further contention that the People violated CPL 240.45 based on their failure to comply with their relevant disclosure obligations (*see People v Griffin*, 48 AD3d 894, 895, *lv denied* 10 NY3d 959).

Contrary to defendant's contention, the court's *Molineux* ruling was not an abuse of discretion (*see People v Dorm*, 12 NY3d 16, 19; *People v DiTucci*, 81 AD3d 1249, 1250, *lv denied* 17 NY3d 794).  The evidence in question was relevant to defendant's motive and intent (*see People v Kelly*, 71 AD3d 1520, 1521, *lv denied* 15 NY3d 775; *see also People v Bryant*, 74 AD3d 1794, 1795, *lv denied* 15 NY3d 802, 919).  In addition, the court "properly balanced the probative value of the evidence against its potential for prejudice to defendant" (*People v Presha*, 83 AD3d 1406, 1407; *see Kelly*, 71 AD3d at 1521).  Defendant failed to preserve for our review two of his six contentions concerning alleged instances of prosecutorial misconduct and, in any event, " 'any alleged [prosecutorial] misconduct was not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Szyzskowski*, 89 AD3d 1501, 1503).

We further conclude that the court properly permitted the prosecutor to rehabilitate the second coconspirator to testify on redirect examination.  Defense counsel incorrectly impeached that witness on cross-examination by establishing that he omitted a material fact, i.e., his agreement to kill defendant's ex-wife, when he provided a statement to law enforcement authorities shortly after defendant solicited him to kill defendant's ex-wife (*see generally People v Victory*, 33 NY2d 75, 88-89, *cert denied* 416 US 905).  There is no evidence in the record that the witness was specifically asked during the subject interaction with authorities whether he agreed to commit the murder, nor was it unnatural for that witness, who was incarcerated at the time, to have omitted that detail from his statements to the authorities (*see People v Broadhead*, 36 AD3d 423,

424, *lv denied* 8 NY3d 919; *People v Byrd*, 284 AD2d 201, *lv denied* 97 NY2d 679; *see also People v Savage*, 50 NY2d 673, 679, *cert denied* 449 US 1016).  Defendant failed to preserve for our review his challenges to the jury instructions inasmuch as he did not raise those challenges at trial (*see People v Knapp*, 79 AD3d 1805, 1807, *lv denied* 17 NY3d 807, 808), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that the court erred in denying after a hearing his motion pursuant to CPL 330.30, which was based on his alleged inability to hear the proceedings. Defendant's allegations concerning his hearing impairment were refuted by the People's witnesses at the hearing, who collectively described his reaction to testimony and statements at trial and testified that defendant never complained that he was unable to hear the proceedings. "There is no basis to disturb the court's fact-findings and credibility determinations, which are entitled to great deference on appeal" (*People v Romano*, 8 AD3d 503, 504, *lv denied* 3 NY3d 711).

Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence with respect to the intent element of his crimes because he failed to move for a trial order of dismissal on that ground (*see People v Carncross*, 14 NY3d 319, 324-325; *People v Gray*, 86 NY2d 10, 19).  In any event, defendant's challenge lacks merit.  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is legally sufficient to support the convictions (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject the further contention of defendant that he was denied a fair trial based on various alleged errors.  "Insofar as the contention of defendant that he was denied effective assistance of counsel involves matters outside the record on appeal, it must be raised by way of a motion pursuant to CPL article 440" (*see e.g. People v Peters*, 90 AD3d 1507, 1508; *People v McKnight*, 55 AD3d 1315, 1317, *lv denied* 11 NY3d 927).  To the extent that defendant's contention is properly before us, we conclude that it lacks merit (*see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  March 16, 2012                        Frances E. Cafarell
                                                Clerk of the Court