# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

647

**KA 10-02201**

PRESENT: CENTRA, J.P., FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

PAUL M. LARRABEE, DEFENDANT-APPELLANT.

---

MARY R. HUMPHREY, NEW HARTFORD, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered August 19, 2010. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and possession of burglar's tools.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and possession of burglar's tools (§ 140.35). Defendant failed to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as he made only a general motion for a trial order of dismissal (*see People v Gray*, 86 NY2d 10, 19), and he failed to renew that motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]).

We agree with defendant that County Court erred in admitting evidence with respect to modifications made to the victim's home after the burglary and as to the effect of the burglary on the children who resided in that home (*see People v Kelly*, 71 AD3d 1520, 1521, *lv denied* 15 NY3d 775; *see generally People v Scarola*, 71 NY2d 769, 777). We note that, even assuming, arguendo, that defendant's contention is unpreserved for our review, we would nevertheless exercise our power

to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We conclude, however, that the error is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the admission of that testimony (*see generally People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  June 14, 2013                      Frances E. Cafarell
                                             Clerk of the Court