Fahey, J.
(dissenting). I respectfully dissent because in my view defendant was deprived of his right to effective assistance of counsel. Initially, defendant contends that he was denied effective assistance of counsel inasmuch as defense counsel did not introduce in evidence a vehicle inventory form reflecting that the windshield of the vehicle defendant was driving at the time he was stopped by the police was undamaged. The vehicle inventory form directly contradicts the testimony of the police officer who stopped that vehicle inasmuch as that officer testified at the suppression hearing that he stopped the car because of a “pretty big” crack that “covered most of the windshield.” Notably, the vehicle inventory form is attached to defendant’s appellate brief and is signed by the testifying police officer. It indicates that there was “no damage” to the vehicle, contradicting the officer’s testimony. Inasmuch as the vehicle inventory form is outside the record on appeal, however, I agree with the majority that defendant’s contention concerning the vehicle inventory form is properly the subject of a motion pursuant to CPL article 440 (see People v Dizak, 93 AD3d 1182, 1185 [2012], lv denied 19 NY3d 972 [2012], reconsideration denied 20 NY3d 932 [2012]).
*1444 I further conclude, however, that defendant was deprived of meaningful representation by defense counsel’s deficient performance at the suppression hearing. In my view, defense counsel did not adequately explore the circumstances of the subject traffic stop. In particular, I note that he did not inquire in detail concerning the lighting conditions present at the time of the stop; the proximity of the vehicle defendant was driving to a streetlight; the weather at the time of the traffic stop; or the location of the vehicle defendant was driving in relation to the officer’s location when he allegedly observed the crack in the windshield. I thus conclude that defense counsel’s deficient cross-examination was tantamount to a failure to supply County Court with a rationale to grant suppression (see People v Clermont, 22 NY3d 931, 933-934 [2013]; cf. People v Mobley, 120 AD3d 916, 919 [2014]), and that defendant was denied effective assistance of counsel thereby (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Consequently, I would reverse the judgment, vacate the plea and remit the matter to County Court for further proceedings on the indictment.
Present — Centra, J.P, Fahey, Carni, Sconiers and Valentino, JJ.