THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR THAGARD, Appellant. [813 NYS2d 836]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 30, 2004. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the second degree (Penal Law § 160.10 [2] [a]). Defendant failed to preserve for our review his contentions that County Court erred in admitting videotape footage from a grocery store security camera without conducting a hearing with respect to its admissibility; erred in admit-

ting a police officer's testimony summarizing events depicted on missing footage from another security camera; erred in admitting evidence of prior uncharged crimes allegedly committed by defendant; and erred in failing to instruct the jury on the limited probative value of evidence of flight (*see generally* CPL 470.05 [2]). In any event, we have reviewed those contentions and conclude that they lack merit.

Contrary to the additional contention of defendant, the court's failure to address his request for substitution of counsel does not require reversal. Defendant's conclusory assertions in support of that request did not "suggest a serious possibility of good cause for substitution" (*People v Frayer*, 215 AD2d 862, 863 [1995], *lv denied* 86 NY2d 794 [1995]; *see People v Benson*, 265 AD2d 814 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]; *People v Gaines*, 212 AD2d 727 [1995], *lv denied* 85 NY2d 938 [1995]).

During jury selection, the court asked a prospective juror who had been the victim of a burglary in another state whether defendant had committed that burglary and whether the juror would hold that prior burglary against defendant. The prospective juror answered "no" to both questions. We conclude that defendant was not thereby denied a fair trial. The court instructed the jury that defendant was presumed to be innocent, and the jury is presumed to have followed that instruction (*see generally People v Moore*, 71 NY2d 684, 688 [1988]).

Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]), and the sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.