■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD M. DeCARLIS, Appellant. [829 NYS2d 314]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered September 23, 2004. The judgment convicted defendant, upon a jury verdict, of aggravated unlicensed operation of a motor vehicle in the first degree and driving while ability impaired.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a]). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of driving while ability impaired (*see People v Finger*, 95 NY2d 894 [2000]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Putt*, 303 AD2d 992, 993 [2003]) and, in any event, we conclude that defendant's contention lacks merit (*see People v Crandall*, 287 AD2d 881, 882 [2001], *lv denied* 97 NY2d 703 [2002]; *People v Currier*, 221 AD2d 805, 806 [1995]; *People v Domanico*, 203 AD2d 378 [1994]; *see generally Bleakley*, 69 NY2d at 495). Defendant also failed to preserve for our

review his contentions that he was denied a fair trial based on an allegedly improper comment by County Court during jury selection and based on prosecutorial misconduct on summation (*see* CPL 470.05 [2]). In any event, those contentions lack merit (*see People v Thagard*, 28 AD3d 1097, 1098 [2006], *lv denied* 7 NY3d 795 [2006]; *People v Kelly*, 309 AD2d 1149, 1150 [2003], *lv denied* 1 NY3d 575 [2003]).

Defendant further contends that the court erred in denying his motion for a mistrial based on the testimony of the arresting officer that defendant previously had been in prison and was on parole at the time of the trial. The record establishes, however, that the court issued a curative instruction and directed that the testimony be stricken from the record. We conclude that the court's corrective action "alleviated any prejudice to defendant resulting from that testimony, and thus the court properly exercised its discretion in denying his motion" (*People v Colon*, 13 AD3d 1198, 1198-1199 [2004], *lv denied* 4 NY3d 829, 5 NY3d 760 [2005]; *see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.