■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MOSLEY, Appellant. [864 NYS2d 622]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered May 28, 2002. The judgment

convicted defendant, upon a jury verdict, of assault in the first degree (two counts) and assault in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of assault in the first degree (Penal Law § 120.10 [1]) and one count of assault in the third degree (§ 120.00 [2]). We reject the contention of defendant that County Court erred in admitting evidence of his prior bad acts. The *Molineux* evidence was relevant to establish defendant's motive and intent in the commission of the crimes of which defendant was convicted (*see People v Fowler,* 45 AD3d 1372, 1374 [2007], *lv denied* 9 NY3d 1033 [2008]), and we conclude that the court, following a *Ventimiglia* hearing, properly balanced the probative value of the evidence against its potential for prejudice (*see People v Norman,* 40 AD3d 1128, 1129 [2007], *lv denied* 9 NY3d 924 [2007]). Defendant failed to preserve for our review his contention that the court erred in failing to give a limiting instruction with respect to the prior bad acts (*see People v Wright,* 5 AD3d 873, 876 [2004], *lv denied* 3 NY3d 651 [2004]; *People v Williams,* 241 AD2d 911 [1997], *lv denied* 91 NY2d 837 [1997]). In any event, we conclude that any error in failing to give a limiting instruction is harmless (*see Wright,* 5 AD3d at 876-877; *see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

Contrary to the further contentions of defendant, the conviction is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). We note, however, that the certificate of conviction incorrectly reflects that the sentence imposed on count four of the indictment, assault in the third degree, is to run concurrently with the sentences imposed on counts one and two, assault in the first degree, and it must therefore be amended to reflect that the sentence imposed on count four is to run consecutively to the sentences imposed on counts one and two (*see generally People v Lemon,* 38 AD3d 1298, 1300 [2007], *lv denied* 9 NY3d 846, 962 [2007]). Finally, we conclude that the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.