THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHAD SCISSION, Appellant. [875 NYS2d 384]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered December 12, 2007. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). Defendant made only a general motion for a trial order of dismissal and thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19 [1995]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The further contention of defendant that he was denied a fair trial by prosecutorial misconduct is based primarily on alleged instances of prosecutorial misconduct that are unpreserved for our review (*see* CPL 470.05 [2]) and, in any event, we conclude that "[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Cox*, 21 AD3d 1361, 1364 [2005], *lv denied* 6 NY3d 753 [2005] [internal quotation marks omitted]).

Defendant contends that County Court erred in denying his motion for a mistrial based on a police officer's reference to an eight-year-old boy as a "witness." The officer had spoken with that boy following the incident. We reject that contention. The record establishes that the court issued a curative instruction, and we thus conclude that the court thereby "alleviated any prejudice to defendant resulting from that testimony" (*People v Colon*, 13 AD3d 1198, 1198 [2004], *lv denied* 4 NY3d 829, 5 NY3d 760 [2005]; *see People v DeCarlis*, 37 AD3d 1040 [2007], *lv denied* 8 NY3d 945 [2007]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Hurlbutt, J.P., Martoche, Centra, Peradotto and Gorski, JJ.