■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MOORE, Appellant. (Appeal No. 1.) [910 NYS2d 746]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered October 22, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]), defendant contends that County Court erred in admitting evidence that he was a drug dealer who had sold crack cocaine to both the victim and a key prosecution witness. We conclude that the evidence was properly admitted to establish the motive of defendant and his identity as the person who shot the victim, and that its probative value exceeded its prejudicial effect (*see People v Cordova-Diaz*, 55 AD3d 360, 361 [2008], *lv denied* 12 NY3d 782 [2009]; *People v James*, 262 AD2d 500 [1999]; *see generally People v Molineux*, 168 NY 264, 291-294 [1901]). Defendant failed to preserve for our review his further contention that the court should have given a limiting instruction with respect to the *Molineux* evidence (*see People v Mosley*, 55 AD3d 1371 [2008], *lv denied* 11 NY3d 856 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject the further contention of defendant that the evidence is legally insufficient to support the conviction. The People presented evidence establishing every element of the crimes charged and defendant's commission thereof. The fact that no one saw defendant fire the shot that killed the victim does not render the evidence legally insufficient, inasmuch as there was ample circumstantial evidence establishing defendant's identity as the shooter. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (*People v Hines*, 97 NY2d 56, 62 [2001], *rearg denied* 97 NY2d 678 [2001]). Indeed, the challenge by defendant to the legal sufficiency of the evidence is based primarily on his contention that the testimony of the main prosecution witness was incredible as a matter of law, and we reject that contention. Defendant is correct that the witness in question initially lied to the police concerning her knowledge of the murder and did not fully disclose her knowledge thereof until she was negotiating a plea deal on unrelated charges almost two years later. Nevertheless, we note that several important aspects of her trial testimony were otherwise corroborated, and it cannot be said that her testimony was "manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Harris*, 56

AD3d 1267, 1268 [2008], *lv denied* 11 NY3d 925 [2009]). We also note that defendant admitted to the police that, shortly after the murder was committed, he threw a handgun that he had owned into Alexandria Bay. We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Finally, we conclude that the sentence is not unduly harsh or severe, and that the contentions raised by defendant in his pro se supplemental brief are without merit. Present—Smith, J.P., Lindley, Sconiers, Pine and Gorski, JJ.