# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**282**

**KA 07-01266**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

LAWRENCE PRESHA, JR., DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (TIMOTHY S. DAVIS OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered April 25, 2007. The judgment convicted defendant, upon a jury verdict, of sodomy in the first degree (two counts).

It is hereby ORDERED that the judgment so appealed from is reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of sodomy in the first degree (Penal Law former § 130.50 [1], [3]). The victim, who was 12 years old at the time of the trial, testified that the conduct at issue occurred six years earlier, during a period in which he lived with defendant for approximately four months. The victim testified that, after the sodomy occurred, defendant physically abused him by punching and kicking him, slamming him against a wall and threatening him, and throwing him down the stairs. The victim disclosed the conduct at issue five years after it occurred. In his testimony at trial, defendant denied that the conduct occurred, and he denied that he had physically abused the victim.

We reject defendant's contention that County Court erred in allowing the victim to testify that defendant had physically abused him on one occasion prior to the date of the conduct at issue. That *Molineux* evidence was relevant to establish the element of forcible compulsion (*see People v Cook*, 93 NY2d 840, 841), and to explain the victim's delay in reporting the abuse (*see People v Bennett*, 52 AD3d 1185, 1187, *lv denied* 11 NY3d 734). Although the court agreed with defendant that the evidence was "incredibly prejudicial," the court nevertheless properly balanced the probative value of the evidence against its potential for prejudice to defendant (*see People v Alvino*, 71 NY2d 233, 242; *People v Mosley*, 55 AD3d 1371, *lv denied* 11 NY3d

856).

We agree with defendant, however, that the court erred in failing to issue a limiting instruction to the jury when the evidence was admitted and during the final jury charge, to minimize the prejudicial effect of the admission of the evidence (*see People v Greene*, 306 AD2d 639, 642-643, *lv denied* 100 NY2d 594). While defendant failed to preserve his contention for our review (*see People v Sommerville*, 30 AD3d 1093, 1094-1095), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). "In a case such as this, where the finding of guilt rests squarely on the jury's assessment of the credibility of the victim and defendant, we cannot say that the error was harmless and did not affect the jury's verdict" (*Greene*, 306 AD2d at 643; *see generally People v Crimmins*, 36 NY2d 230, 241-242; *cf. Mosley*, 55 AD3d at 1372). We therefore agree with defendant that, under the circumstances of this case, he was denied a fair trial based on the court's failure to give a limiting instruction, and we thus reverse the judgment and grant a new trial (*see Greene*, 306 AD2d at 643).

Finally, defendant contends that the prosecutor engaged in misconduct during the trial. Defendant failed to preserve for our review his contention with respect to many of the instances of prosecutorial misconduct (*see People v Scission*, 60 AD3d 1391, 1392, *lv denied* 12 NY3d 859, *rearg denied* 13 NY3d 749), and we need not determine whether he was denied a fair trial based on the alleged instances that are preserved for our review inasmuch as we are granting a new trial in any event (*cf. People v Milczakowskyj*, 73 AD3d 1453, 1454, *lv denied* 15 NY3d 754; *People v Mott*, 94 AD2d 415, 418-419). Nonetheless, we note that the prosecutor improperly questioned defendant on cross-examination regarding, e.g., the fact that he impregnated three women within a short amount of time and his failure to pay child support (*see People v Reid*, 281 AD2d 986, *lv denied* 96 NY2d 923). Defendants "may be cross-examined with respect to prior conduct that affects their credibility" (*People v Brazeau*, 304 AD2d 254, 256 [internal quotation marks omitted], *lv denied* 100 NY2d 579; *see People v Walker*, 83 NY2d 455, 461), but "persistent questioning of a defendant on collateral matters which tends to impugn his [or her] character without being probative of the crime charged constitutes improper and prejudicial cross-examination" (*People v Hicks*, 102 AD2d 173, 182; *see People v Bhupsingh*, 297 AD2d 386, 387-388). The prosecutor also improperly attempted to refresh the recollection of defendant during cross-examination when in fact she was attempting to place the contents of a certain document in evidence that otherwise was inadmissible (*see People v Carrion*, 277 AD2d 480, 481, *lv denied* 96 NY2d 757; *People v Kellogg*, 210 AD2d 912, 913-914, *lv denied* 86 NY2d 737). Finally, the prosecutor remarked during summation that the victim was "so cute" and the "most conscientious, respectful kid [she had] ever seen." Such remarks improperly appealed to the sympathy of the jury (*see People v Ballerstein*, 52 AD3d 1192, 1194; *People v Bowie*, 200 AD2d 511, 512-513, *lv denied* 83 NY2d 869, 877), and improperly vouched for the credibility of the victim (*see People v Moye*, 12 NY3d 743; *Ballerstein*, 52 AD3d at 1194). We thus take this

opportunity to admonish the prosecutor that her " 'mission is not so much to convict as it is to achieve a just result' " (*People v Bailey*, 58 NY2d 272, 277), and that she is "charged with the responsibility of presenting competent evidence fairly and temperately, not to get a conviction at all costs" (*Mott*, 94 AD2d at 418; *see Bhupsingh*, 297 AD2d at 388).

All concur except SCUDDER, P.J., and SCONIERS, J., who dissent and vote to affirm in the following Memorandum:  We agree with the majority that County Court properly exercised its discretion in allowing the victim to testify that defendant had physically abused him on one occasion prior to the sexual assault that is the basis for defendant's conviction of two counts of sodomy in the first degree (Penal Law former § 130.50 [1], [3]), one count of which is based on the age of the victim.  We also agree that the court erred in failing to give a limiting instruction to the jury at the time the evidence was offered and during the final jury charge, to minimize whatever prejudice may have resulted from the admission of that testimony.  We nevertheless respectfully disagree with the majority that reversal is warranted.  First, as the majority acknowledges, defendant failed to preserve this issue for our review (*see People v Wright*, 5 AD3d 873, 876, *lv denied* 3 NY3d 651; *People v Williams*, 241 AD2d 911, *lv denied* 91 NY2d 837), and we cannot agree with the majority that we should exercise our power to address the issue as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Second, even assuming, arguendo, that defendant preserved the issue for our review, we conclude that the court's error is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242).  We therefore vote to affirm.

The victim testified that, before committing the sexual assault, defendant tied him to the bed and placed duct tape over his mouth. After committing the sexual assault, defendant grabbed the six-year-old victim by the neck, slammed him against the wall, kicked him and threatened to kill both the victim and the victim's family if he reported what had happened.  He then threw the victim down the stairs, followed him down the stairs, kicked him again, and left the apartment.  Thus, even if we were to exercise our power to review this issue as a matter of discretion in the interest of justice, we conclude that the victim's testimony, together with the evidence regarding the victim's behavior in the period that followed the sexual assault, constitutes overwhelming evidence of defendant's guilt and that there is not a significant probability that defendant would have been acquitted if the court had given the appropriate limiting instruction with respect to the incident of physical abuse that preceded the sexual assault (*see id.*).

We note with respect to the lack of preservation that, although defendant objected to the victim's testimony regarding the incident of physical abuse that occurred prior to the sexual assault, he failed to request a limiting instruction either at the time of the testimony or to request that such an instruction be included in the court's jury charge, nor did he object to the lack of a limiting instruction in the court's charge (*see* CPL 470.05 [2]; *Wright*, 5 AD3d at 876; *see generally People v Scission*, 60 AD3d 1391, 1392, *lv denied* 12 NY3d

859, *rearg denied* 13 NY3d 749).  Inasmuch as defendant had various opportunities in which to request a limiting instruction or to object to the absence of such an instruction, thus affording the court the opportunity to rectify the error, we conclude that the lack of preservation renders the court's error a particularly inappropriate ground on which to grant a new trial as a matter of discretion in the interest of justice.  In addition, with respect to harmless error analysis, although the credibility of the victim and defendant was certainly a key issue at trial, we disagree with the majority that the jury's verdict was based solely on its assessment of the credibility of those witnesses.  The People also presented the testimony of the victim's grandmother and that of an expert that demonstrated, inter alia, that the victim's behavior following the attack and his delay in revealing the assault to others were consistent with the behavior of a child who had been sexually assaulted.

Entered:  April 1, 2011                        Patricia L. Morgan
                                               Clerk of the Court