Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 17, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.
It is hereby ordered that the judgment so appealed from is reversed as a matter of discretion in the interest of justice and on the law, and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]). We reject defendant’s contention that the verdict is contrary to the weight of the evidence because the People’s witnesses were not credible. Contrary to defendant’s contention, the testimony of those witnesses was not “so inconsistent or unbelievable as to render it incredible as a matter of law” (People v Black, 38 AD3d 1283, 1285 [2007], lv denied 8 NY3d 982 [2007]). We note that “Resolution of issues of credibility, as well as the weight to be accorded to the evi *1427 dence presented, are primarily questions to be determined by the jury” (People v Witherspoon, 66 AD3d 1456, 1457 [2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]), and we see no basis for disturbing the jury’s credibility determinations in this case. Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant further contends that he was deprived of a fair trial by the cumulative effect of numerous instances of prosecutorial misconduct, including eliciting inadmissible evidence, conducting an improper cross-examination of defendant, and making improper comments during summation. Although defendant failed to preserve his challenges for our review (see generally People v Santiago, 22 NY3d 740, 749-750 [2014]), we exercise our power to review them as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v McClary, 85 AD3d 1622, 1624 [2011]), inasmuch as “we are mindful of our ‘overriding responsibility’ to ensure that ‘the cardinal right of a defendant to a fair trial’ is respected in every instance” (People v Wlasiuk, 32 AD3d 674, 675 [2006], lv dismissed 7 NY3d 871 [2006], quoting People v Crimmins, 36 NY2d 230, 238 [1975]; see People v Bailer stein, 52 AD3d 1192, 1193 [2008]). Based upon that review, we agree with defendant that he was deprived of a fair trial, and we therefore reverse the judgment and grant a new trial.
Initially, we agree with defendant that the prejudice created when the prosecutor questioned defendant about his homosexuality and his former homosexual relationship with the victim’s uncle, apparently at a time when the uncle was a young man, far outweighed the minimal probative value that such evidence may have had (see People v Mercado, 188 AD2d 941, 943-944 [1992]), especially in light of the charges here, wherein defendant was accused of having sexual contact with a boy. By asking those questions, the prosecutor improperly “cross-examine [d] the defendant about a [sexual] practice, not rising to the level of a crime, which had no logical bearing on the question of credibility” (People v Moore, 156 AD2d 394, 394 [1989]).
In addition, the prosecutor cross-examined defendant at length regarding the criminal records of several people who resided in his home, and also regarding assistance he provided to those people, such as bailing one of them out of jail and hiring an attorney to defend that man on criminal charges. None of those people testified, nor was their credibility or criminal *1428 history otherwise relevant. Also, as noted above, the prosecutor cross-examined defendant regarding a prior homosexual relationship between defendant and the victim’s uncle. By “pursuing] a cross-examination [that can be] accurately described as based upon ‘twin themes of guilt by association and criminal propensity’ ” (People v Louissant, 240 AD2d 433, 433 [1997]), the prosecutor deprived defendant of a fair trial (see People v Morgan, 111 AD3d 1254, 1255-1256 [2013]; People v Parker, 178 AD2d 665, 666 [1991]).
The prosecutor also engaged in misconduct by introducing evidence that one of the people who lived with defendant told a child to stay out of defendant’s room “because you don’t know what [defendant] can do.” That evidence “was irrelevant to any issue in the case and only could have prejudiced defendant by suggesting to the jury that he was an erratic and potentially dangerous person who had the propensity to commit the crime at issue” or some other criminal act (People v Cornell, 110 AD3d 1443, 1445 [2013], lv denied 22 NY3d 1087 [2014]; see generally People v Cass, 18 NY3d 553, 559 [2012]; People v Molineux, 168 NY 264, 291-292 [1901]).
Next, the prosecutor improperly elicited testimony from a police investigator that he had received training establishing that underaged victims of sexual crimes frequently disclosed the crime in minimal detail at first, and provided more thorough and intimate descriptions of the event later. That testimony dovetailed with the People’s position concerning the way in which the victim revealed this incident (cf. People v Gayden, 107 AD3d 1428, 1428-1429 [2013], lv denied 22 NY3d 1138 [2014]). Thus, we conclude that the investigator’s testimony “was the precise equivalent of affirming the credibility of the People’s witness through the vehicle of an opinion that [sexual abuse is frequently committed] as the victim had related. It is always within the sole province of the jury to decide whether the testimony of any witness is truthful or not. The jurors were fully capable of using their ordinary experience to test the credibility of the victim-witness; and the receipt of the [investigator]’s testimony in this regard was improper and indeed constituted usurpation of the function of the jury . . . Where, as here, the sole reason for questioning the ‘expert’ witness is to bolster the testimony of another witness (here the victim) by explaining that his version of the events is more believable than the defendant’s, the ‘expert’s’ testimony is equivalent to an opinion that the defendant is guilty” (People v Ciaccio, 47 NY2d 431, 439 [1979]), and the prosecutor improperly elicited that testimony.
*1429 Moreover, by eliciting that testimony, the prosecutor improperly introduced expert testimony regarding the Child Sexual Abuse Accommodation Syndrome. Although such testimony is admissible in certain situations (see People v Spicola, 16 NY3d 441, 465-467 [2011], cert denied 565 US —, 132 S Ct 400 [2011]), here it was elicited from a police investigator under the guise that it was part of the investigator’s training. The prosecutor failed to lay a foundation establishing that the investigator was qualified to provide such testimony (cf. People v Hicks, 2 NY3d 750, 751 [2004]). Furthermore, the evidence does not establish that the investigator had “extensive training and experience [that] rendered [him] qualified to provide such [testimony]” (People v Lewis, 16 AD3d 173, 173 [2005], lv denied 4 NY3d 888 [2005]; cf. People v Bassett, 55 AD3d 1434, 1436 [2008], lv denied 11 NY3d 922 [2009]).
Finally, the prosecutor further engaged in misconduct by commenting on the evidence that was improperly elicited, as well as by additional comments during summation, such as the prosecutor’s comment that there was “a very sexually charged atmosphere there on the second floor of [defendant’s] house” (see generally Mercado, 188 AD2d at 943-944). She also commented that wrestling with the victim “[c]ould be a form of foreplay,” without any evidence supporting that suggestive and emotionally charged statement.
In sum, “[w]e conclude that ‘the cumulative effect of the prosecutor’s cross-examination and summation errors deprived defendant of a fair trial’ ” (People v Hicks, 100 AD3d 1379, 1380 [2012]).
All concur except Fahey, J., who dissents and votes to affirm in the following memorandum.