# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1419**
**KA 09-02477**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, PERADOTTO, AND CARNI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

MICHAEL D. JONES, DEFENDANT-APPELLANT.

---

CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), rendered September 30, 2009. The judgment convicted defendant, upon a jury verdict, of attempted rape in the first degree, attempted criminal sexual act in the first degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and as a matter of discretion in the interest of justice and a new trial is granted.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]), attempted criminal sexual act in the first degree (§§ 110.00, 130.50 [1]) and assault in the second degree (§ 120.05 [6]), defendant contends that reversal is required based on pervasive prosecutorial misconduct on summation. We agree.

We note at the outset that, although defendant failed to preserve his contention for our review with respect to all but one alleged instance of prosecutorial misconduct (*see* CPL 470.05 [2]), we exercise our power to review defendant's contention with respect to the remaining instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *People v Griffin*, 125 AD3d 1509, 1510). On summation, the prosecutor repeatedly invoked a "safe streets" argument (*see People v Tolliver*, 267 AD2d 1007, 1007, *lv denied* 94 NY2d 908), even after Supreme Court sustained defense counsel's objection to the prosecutor's use of that argument; denigrated the defense by calling defense counsel's arguments "garbage," "smoke and mirrors," and "nonsense" intended to distract the juror's focus from the "atrocious acts" that defendant committed against the victim (*see People v Morgan*, 111 AD3d 1254, 1255; *People v Spann*, 82 AD3d 1013, 1015; *People v Brown*, 26 AD3d 392, 393); improperly characterized the defense as being based on a "big

conspiracy" against defendant by the prosecutor and the People's witnesses (*see People v Cowan*, 111 AD2d 343, 345, *lv denied* 65 NY2d 978); and denigrated the fact that defendant had elected to invoke his constitutional right to a trial (*see People v Rivera*, 116 AD2d 371, 373). Perhaps most egregiously, given that "the potential danger posed to defendant when DNA evidence is presented as dispositive of guilt is by now obvious," the prosecutor engaged in misconduct when she mischaracterized and overstated the probative value of the DNA evidence in this case (*People v Wright*, 25 NY3d 769, 783).

We recognize, of course, that "[r]eversal is an ill-suited remedy for prosecutorial misconduct" (*People v Galloway*, 54 NY2d 396, 401). It is nevertheless mandated when the conduct of the prosecutor "has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law. In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached" (*People v Mott*, 94 AD2d 415, 419; *see Griffin*, 125 AD3d at 1511). In view of the substantial prejudice caused by the prosecutor's misconduct in this case, including the fact that the evidence of guilt is less than overwhelming (*see Griffin*, 125 AD3d at 1512), we agree with defendant that reversal is required.

In light of our determination, we do not address defendant's remaining contentions.

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court