■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE N. FLOWERS, JR., Appellant. [57 NYS3d 598]—

Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered August 19, 2011. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]). Defendant contends on appeal that he was denied his right to a fair trial based upon prosecutorial misconduct, particularly during summation. Although defendant did not object to all of the statements alleged on appeal to constitute prosecutorial misconduct, and thus failed to preserve for our review his claims with respect to those particular statements, we nevertheless exercise our power to review all of his claims of prosecutorial misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The People correctly concede that the prosecutor improperly appealed to the sympathy of the jury (*see People v Presha*, 83 AD3d 1406, 1408 [2011]). The People also correctly concede

that the prosecutor improperly implied that a potential adolescent witness did not testify because he felt "guilt" about defendant's actions; County Court, however, properly sustained defense counsel's objection to the prosecutor's statement and gave a curative instruction, which the jury is presumed to have followed (*see generally People v Allen*, 78 AD3d 1521, 1521 [2010], *lv denied* 16 NY3d 827 [2011]). Thus, with respect to that instance of misconduct, we conclude that any prejudice was alleviated (*see id.*). The People also correctly concede that the prosecutor denigrated defense counsel by stating that he intentionally attempted to confuse an adolescent prosecution witness. We further conclude that, in an attempt to discredit the testimony of an adolescent defense witness, the prosecutor misstated the evidence with respect to whether the witness had spoken with defendant regarding the allegations against him. Although the prosecutor properly responded to defense counsel's remarks during summation attacking the credibility of the victim (*see People v Walker*, 117 AD3d 1441, 1441-1442 [2014]; *People v Martinez*, 114 AD3d 1173, 1173 [2014], *lv denied* 22 NY3d 1200 [2014]), she also improperly vouched for the credibility of the victim's testimony (*see Presha*, 83 AD3d at 1408). Furthermore, the prosecutor improperly acted as an unsworn expert by describing defendant's behavior towards the victim as "classic grooming behavior," and as an unsworn witness with respect to reasons why the victim delayed in reporting what had occurred (*see People v Fisher*, 18 NY3d 964, 966 [2012]).

We nevertheless conclude that reversal is not mandated here inasmuch as "the misconduct [did] not substantially prejudice[ ] . . . defendant's trial" (*People v Galloway*, 54 NY2d 396, 401 [1981]). It is axiomatic that we must consider whether "the conduct of the prosecutor 'has caused such substantial prejudice to the defendant that he [or she] has been denied due process of law. In measuring whether substantial prejudice has occurred, one must look at the severity and frequency of the conduct, whether the court took appropriate action to dilute the effect of that conduct, and whether review of the evidence indicates that without the conduct the same result would undoubtedly have been reached' " (*People v Griffin*, 125 AD3d 1509, 1511 [2015]). Although there were several instances of misconduct during the prosecutor's summation, the court thoroughly instructed the jury before summations that, inter alia, nothing that an attorney says during his or her summation is evidence, and that the jury must decide the case only on the evidence and the law, and not on anything that is said during a summation. The court also gave curative instructions af-

ter the objections it sustained. Furthermore, the evidence against defendant was overwhelming (*cf. Fisher*, 18 NY3d at 966; *People v Jones*, 134 AD3d 1588, 1589 [2015]; *Griffin*, 125 AD3d at 1512; *People v Mott*, 94 AD2d 415, 419 [1983]), and thus we conclude that, "without the conduct[,] the same result would undoubtedly have been reached" (*Mott*, 94 AD2d at 419).

We note that we have recently considered appeals from several judgments in cases prosecuted by the Monroe County District Attorney's Office that have resulted in reversal based upon prosecutorial misconduct (*see Fisher*, 18 NY3d at 965; *Jones*, 134 AD3d at 1588; *Griffin*, 125 AD3d at 1509), or in which we have admonished the prosecutor for misconduct (*see People v Gibson*, 134 AD3d 1512, 1513 [2015], *lv denied* 27 NY3d 1151 [2016]; *Presha*, 83 AD3d at 1408), and most of those cases involved charges of sexual abuse against a child. It is undisputed that, three months before the trial herein, we admonished the same prosecutor in *Presha* (83 AD3d at 1408), and that the Court of Appeals reversed the judgment in *Fisher* (18 NY3d at 965) based upon this same prosecutor's misconduct. We therefore take this opportunity to admonish again the prosecutor in this case, in particular, and prosecutors in the Monroe County District Attorney's Office, in general, that " '[i]t is not enough for [a prosecutor] to be intent on the prosecution of [the] case. Granted that [the prosecutor's] paramount obligation is to the public, [he or she] must never lose sight of the fact that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness. Put another way, [the prosecutor's] mission is not so much to convict as it is to achieve a just result' " (*People v Bailey*, 58 NY2d 272, 276-277 [1983], quoting *People v Zimmer*, 51 NY2d 390, 393 [1980]). Indeed, "[p]rosecutors play a distinctive role in the search for truth in criminal cases. As public officers they are charged not simply with seeking convictions but also with ensuring that justice is done. This role gives rise to special responsibilities— constitutional, statutory, ethical, personal—to safeguard the integrity of criminal proceedings and fairness in the criminal process" (*People v Santorelli*, 95 NY2d 412, 420-421 [2000]).

We conclude that, contrary to defendant's further contention, he was not deprived a fair trial based upon the court's allegedly erroneous evidentiary rulings to which he objected (*see People v Smith*, 21 AD3d 1340, 1340 [2005], *lv denied* 5 NY3d 885 [2005]). Finally, we have considered defendant's remaining contentions and conclude that they are without merit. Present—Peradotto, J.P., Carni, Lindley, Troutman and Scudder, JJ.