People v Fick (2018 NY Slip Op 08788)





People v Fick


2018 NY Slip Op 08788


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1076 KA 14-01339

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALAN FICK, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO, FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered July 24, 2014. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), grand larceny in the fourth degree (three counts) and unlawful imprisonment in the first degree. 
It is hereby ORDERED that the judgment so appealed from is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of burglary in the first degree (Penal Law § 140.30 [3], [4]), three counts of grand larceny in the fourth degree (§ 155.30 [4], [7], [8]), and one count of unlawful imprisonment in the first degree (§ 135.10). Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (see People v Gordon, 23 NY3d 643, 649 [2014]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends that County Court erred in refusing to suppress statements that he made to the police after he invoked his right to counsel. We reject that contention. The police officers who questioned defendant testified at the suppression hearing that defendant waived his Miranda rights and did not request an attorney. The court did not credit defendant's contrary testimony that he requested counsel before or during the questioning (see People v Briggs, 124 AD3d 1320, 1321 [4th Dept 2015], lv denied 25 NY3d 1198 [2015]). "We accord great weight to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses," and we see no reason to disturb its determination (id. [internal quotation marks omitted]; see People v Andrus, 77 AD3d 1283, 1283 [4th Dept 2010], lv denied 16 NY3d 827 [2011]).
Defendant did not object to any of the alleged instances of prosecutorial misconduct during the prosecutor's opening and closing statements or during cross-examination of a defense witness, and therefore defendant failed to preserve for our review his contention that he was thereby deprived of a fair trial (see People v Lane, 106 AD3d 1478, 1480 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]; People v Rumph, 93 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 967 [2012]). In any event, defendant's contention lacks merit. We reject defendant's contention that the prosecutor appealed to the jurors' sympathy by describing the victim as an elderly 71-year-old man during his opening statement (cf. People v Presha, 83 AD3d 1406, 1408 [4th Dept 2011]). Additionally, contrary to defendant's contention that the prosecutor vouched for the credibility of a witness during summation, we conclude that the "isolated comment was a fair response to the comments of defense counsel on summation attacking the conduct and [*2]credibility of th[at] witness[] . . . and did not deprive defendant of a fair trial" (People v Smart, 224 AD2d 999, 999-1000 [4th Dept 1996], lv denied 88 NY2d 854 [1996]). Furthermore, we conclude that most of the remaining alleged instances of misconduct during the prosecutor's summation "were fair comment on the evidence and fair response to defense counsel's summation . . . and, to the extent that the prosecutor made inappropriate remarks, . . . they were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]; see People v Grady, 40 AD3d 1368, 1374-1375 [3d Dept 2007], lv denied 9 NY3d 923 [2007]).
We agree with defendant, however, that the prosecutor exceeded the bounds of propriety by cross-examining a defense witness regarding an uncharged crime that defendant allegedly committed and by placing his own credibility in issue while doing so. "A prosecutor may not refer to matters not in evidence or call upon the jury to draw conclusions that cannot fairly be inferred from the evidence" (People v Collins, 12 AD3d 33, 39-40 [1st Dept 2004]). Indeed, "[i]t is fundamental that the jury must decide the issues on the evidence" (People v Ashwal, 39 NY2d 105, 109 [1976]) and, in this case, the prosecutor strayed outside " the four corners of the evidence' " when he implied that defendant committed different crimes (id.). Nevertheless, reversal is unwarranted where a prosecutor's error has not substantially prejudiced a defendant's trial (see People v Galloway, 54 NY2d 396, 401 [1981]) and, although the dissent is correct that we have previously admonished this prosecutor, the instant trial occurred before that admonition. Therefore, although we strongly condemn the prosecutor's conduct during cross-examination, we conclude that it does not warrant reversal here (see People v Dat Pham, 283 AD2d 952, 952 [4th Dept 2001], lv denied 96 NY2d 900 [2001]; see generally People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]; People v Miller, 104 AD3d 1223, 1223-1224 [4th Dept 2013], lv denied 21 NY3d 1017 [2013]).
Defendant also contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged instances of prosecutorial misconduct. We reject that contention. As noted, although we condemn the prosecutor's actions, we nevertheless conclude that defendant was not deprived of a fair trial by those actions, and we therefore further conclude that "defense counsel's failure to object to the alleged instances of prosecutorial misconduct did not constitute ineffective assistance of counsel" (Edwards, 159 AD3d at 1426; see People v Swan, 126 AD3d 1527, 1527 [4th Dept 2015], lv denied 26 NY3d 972 [2015]).
Finally, the sentence is not unduly harsh or severe.
All concur except Dejoseph, and Troutman, JJ., who dissent in part and vote to reverse in accordance with the following memorandum: We respectfully dissent in part because we disagree with the majority's conclusion that the prosecutor's actions do not warrant reversal in this case.
Initially, as acknowledged by the majority, this is not the first time that this prosecutor has been admonished by this Court (see People v Lowery, 158 AD3d 1179, 1180 [4th Dept 2018], lv denied 31 NY3d 1119 [2018]). In Lowery, we noted that "the prosecutor's ill-advised decision to clap sarcastically during summation as he was describing defendant's efforts to report a change of address is entirely inconsistent with the standards of conduct expected of prosecutors, and we therefore admonish the prosecutor for such conduct" (id.).
Although the majority is correct that defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct (see id. at 1179), we conclude that his contention warrants the exercise of our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]) given "our overriding responsibility to ensure that the cardinal right of a defendant to a fair trial is respected in every instance" (People v Scheidelman, 125 AD3d 1426, 1427 [4th Dept 2015] [internal quotation marks omitted]). Based upon that review, we agree with defendant that he was deprived of a fair trial, and we would therefore reverse the judgment and grant a new trial on counts three through eight of the indictment.
We agree with defendant that the prosecutor caused him substantial prejudice during the cross-examination of a defense witness. " It is fundamental that evidence concerning a defendant's uncharged crimes or prior misconduct is not admissible if it cannot logically be [*3]connected to some specific material issue in the case, and tends only to demonstrate that the defendant was predisposed to commit the crime charged' " (People v Cornell, 110 AD3d 1443, 1445 [4th Dept 2013], lv denied 22 NY3d 1087 [2014]). During his cross-examination of the defense witness, the prosecutor implied that a month before the commission of the instant crimes, defendant broke the witness's vehicle windows in retaliation for the witness's use of drugs that defendant had intended for sale. When the witness denied knowing who broke his windows, the prosecutor stated, "I would bet my career that person is in the courtroom." We conclude that, in making that statement, the prosecutor "made [himself] an unsworn witness and injected the integrity of the District Attorney's office into the case" (People v Morgan, 111 AD3d 1254, 1256 [4th Dept 2013]). Moreover, the prosecutor improperly implied that defendant committed a crime that " was irrelevant to any issue in the case and only could have prejudiced defendant by suggesting to the jury that he was an erratic and potentially dangerous person who had the propensity to commit the crime[s] at issue' or some other criminal act" (Scheidelman, 125 AD3d at 1428; see People v Ashwal, 39 NY2d 105, 110 [1976]; People v Downing, 112 AD2d 24, 26 [4th Dept 1985]).
We further agree with defendant that remarks in the prosecutor's summation were inflammatory and prejudicial. The prosecutor referred to defendant's witnesses as "liars," compounding the prejudicial effect of his improper cross-examination (see People v Fiori, 262 AD2d 1081, 1081 [4th Dept 1999]; People v Miller, 174 AD2d 901, 903 [3d Dept 1991]). More egregiously, the prosecutor referred to defendant as a "monster" four times. Such name-calling was improper and served no purpose other than to suggest to the jurors that defendant was inhuman and dangerous (see People v Jones, 134 AD3d 1588, 1589 [4th Dept 2015]; People v Almethoky, 9 AD3d 882, 882 [4th Dept 2004]; People v Connette, 101 AD2d 699, 700 [4th Dept 1984]).
We recognize, as does the majority, that " [r]eversal is an ill-suited remedy for prosecutorial misconduct' " (People v Galloway, 54 NY2d 396, 401 [1981]). Nevertheless, in light of the severity and frequency of the prosecutor's misconduct, the court's failure to take any action to dilute the effect thereof, and the fact that the evidence of defendant's guilt is less than overwhelming (see People v Griffin, 125 AD3d 1509, 1512 [4th Dept 2015]), we cannot conclude that absent such misconduct the same result would undoubtedly have been reached (see Jones, 134 AD3d at 1589; Griffin, 125 AD3d at 1512; People v Mott, 94 AD2d 415, 419 [4th Dept 1983]). We therefore agree with defendant that reversal is required.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court