People v Hunt (2019 NY Slip Op 03481)





People v Hunt


2019 NY Slip Op 03481


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


95 KA 17-00453

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFTON HUNT, ALSO KNOWN AS PETER HUNT, DEFENDANT-APPELLANT. 






ANDREW D. CORREIA, PUBLIC DEFENDER, LYONS (KIMBERLY J. CZAPRANSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
MICHAEL D. CALARCO, DISTRICT ATTORNEY, LYONS (BRUCE A. ROSEKRANS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Wayne County Court (Dennis M. Kehoe, J.), rendered December 20, 2016. The judgment convicted defendant, upon a jury verdict, of rape in the third degree and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the third degree (Penal Law § 130.25 [2]) and endangering the welfare of a child (§ 260.10 [1]). The conviction arises from defendant engaging in sexual intercourse with a 15-year-old victim. Preliminarily, defendant's challenge to the legal sufficiency of the evidence is unpreserved for our review because his general motion for a trial order of dismissal was not " specifically directed' at" any alleged shortcoming in the evidence now raised on appeal (People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017], quoting People v Gray, 86 NY2d 10, 19 [1995]; see People v Simmons, 133 AD3d 1227, 1227 [4th Dept 2015]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The resolution of issues of credibility and the weight to be accorded to the evidence are primarily questions to be determined by the jury (see People v Abon, 132 AD3d 1235, 1236 [4th Dept 2015], lv denied 27 NY3d 1127 [2016]) and, here, the jury had the opportunity to see and hear the victim's testimony about the sexual encounter with defendant, which was detailed, coherent and internally consistent. "Great deference is accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (Bleakley, 69 NY2d at 495; see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Gay, 105 AD3d 1427, 1428 [4th Dept 2013]), and we perceive no basis for disturbing the jury's determination in this case.
We reject defendant's contention that he was deprived of a fair trial by misconduct on the part of the prosecutor during summation. The comments by the prosecutor were not so egregious as to deny defendant a fair trial (see People v Ielfield, 132 AD3d 1298, 1299 [4th Dept 2015], lv denied 27 NY3d 1152 [2016]; People v Hunter, 115 AD3d 1330, 1331 [4th Dept 2014], lv denied 23 NY3d 1038 [2014]), and any potential prejudice was alleviated by County Court's rulings and instructions to the jury (see People v Flowers, 151 AD3d 1843, 1844 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]), which the jury is presumed to have followed (see People v Allen, 78 AD3d 1521, 1521 [4th Dept 2010], lv denied 16 NY3d 827 [2011]).
Defendant further contends that he was denied effective assistance of counsel. We reject that contention. Defendant failed to meet his burden of demonstrating "the absence of strategic [*2]or other legitimate explanations" for defense counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Carver, 27 NY3d 418, 421 [2016]). Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Inasmuch as defendant failed to raise in the trial court his contention that he was denied the right to confront witnesses, that contention is not preserved for our review (see People v Liner, 9 NY3d 856, 856-857 [2007], rearg denied 9 NY3d 941 [2007]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court