People v Knighton (2020 NY Slip Op 01755)





People v Knighton


2020 NY Slip Op 01755


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


186 KA 18-00169

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
GEORGE KNIGHTON, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered September 8, 2017. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault, menacing in the second degree (two counts) and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, predatory sexual assault (Penal Law § 130.95 [1] [b]). We affirm.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). The victim's testimony was not "so inconsistent or unbelievable as to render it incredible as a matter of law" (People v Black, 38 AD3d 1283, 1285 [4th Dept 2007], lv denied 8 NY3d 982 [2007]). Any inconsistencies in the victim's testimony presented issues of credibility for determination by the jury (see People v Scheidelman, 125 AD3d 1426, 1426-1427 [4th Dept 2015]), and we see no basis for disturbing the jury's credibility determinations in this case.
In light of defendant's lengthy prior criminal history and complete lack of remorse, we do not consider the sentence of 25 years to life unduly harsh or severe.
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court